ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Jennifer.Muyskens@usdoj.gov
_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JORDY JULIAN ALVAREZ, <br><br> Defendant. | Case No. 2:21-cr-111-HCN <br><br> **UNOPPOSED MOTION FOR PROTECTIVE ORDER** <br><br> Hon. Cecilia M. Romero <br> United States Magistrate Judge |

The United States of America ("United States"), by and through the undersigned Assistant United States Attorney, hereby moves the court to enter a protective order related to the disclosure of evidence in this case. Specifically, the United States moves the court to enter an order precluding counsel for the defendant from making disclosures of the information included in the United States' discovery, other than as necessary to prepare for the defense in this matter.

The undersigned assistant spoke with counsel for Mr. Alvarez, who does not oppose this motion.

The discovery in this matter contains graphic and compromising images of the victim, as well as personal identifying information of the victim and potential witnesses, such as names, dates

1

of birth, social security numbers, home addresses, and telephone numbers.

Because of the nature of the charged conduct (which involves allegations that the defendant disseminated the graphic and compromising images of the victim and engaged in a campaign of harassment that targeted the victim, her family, and others using social media, text communications, and the telephone), both the graphic content and certain identifying information of the victim and potential witnesses is needed by defense counsel to understand the evidence and prepare for trial. Coupled with the volume of discovery in this case, redacting such essential information is not feasible. Therefore, the United States intends to provide unredacted discovery to counsel for the defendant. However, given the charged conduct in this case, it is imperative that the sensitive material and personal identifying information not be provided to the defendant.

The United States will provide unredacted discovery to counsel for the defendant pursuant to a protective order under the following terms and conditions:

1. The United States will provide counsel for the defendant with an unredacted copy of the discovery in this matter, including documents that contain the personal identifying information of third parties, as well as graphic and compromising images of the victim.

2. The produced unredacted discovery shall not be disclosed or made available for inspection or copying to any person, including the defendant, other than as permitted in Paragraphs 3 and 4.

3. Unredacted discovery provided pursuant to the proposed protective order may be further disclosed to the following people: (a) associates, secretaries, paralegals, private investigators, and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (b) court officials

involved in this case.

4.     Copies of discovery may be furnished to the defendant only after appropriate redaction of all personal identifying information (dates of birth, social security numbers, home addresses, and telephone numbers), and appropriate redaction of any graphic and compromising content.

5.     Persons obtaining access to the discovery produced pursuant to the proposed protective order shall use the information only for the preparation and conduct of this criminal trial, and any connected hearings or appeals. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding.

6.     Within 90 days of the conclusion of this case, all discovery produced pursuant to the proposed protective order and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office. Alternatively, counsel for the defendant may inform the United States Attorney's Office in writing that all such copies have been destroyed.

7.     Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the unredacted discovery.

8.     The provisions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

In order to balance the need for privacy with the need for disclosure, the United States requests that the Court enter the attached proposed order.

RESPECTFULLY SUBMITTED this 26th day of May, 2021.

ANDREA T. MARTINEZ
ACTING UNITED STATES ATTORNEY


*/s/ Jennifer K. Muyskens*
JENNIFER K. MUYSKENS
Assistant United States Attorney